Cozi Inc.,

                        Plaintiff,

               v.

Cozyla US Corp. and
Beijing Cozyla Technology Ltd.,

                    Defendants.

**COMPLAINT**

Plaintiff Cozi Inc. ("Cozi" or "Plaintiff"), by and through undersigned counsel, files this complaint against Defendants Cozyla US Corp. and Beijing Cozyla Technology Ltd. (collectively, "Cozyla" or "Defendants") for trademark infringement and unfair competition and false designation of origin, and in support thereof, alleges as follows:

## INTRODUCTION

1.      Cozi was formed by veteran software developers who came together with the objective of creating a digital tool for busy families to use to organize their activities and coordinate and share their schedules.

2.      To that end, Cozi launched its COZI family calendaring software application in 2006. Since that time, Cozi's family organizer applications have been adopted by over 17 million users.

3.      The COZI family calendaring and organizational software applications allow families to coordinate and communicate schedules and activities, track grocery lists, manage to-do-lists, save recipes, plan for dinner, and generally stay on the same page in spite of busy modern schedules.

4. The COZI trademark used in connection with the above products and services is the subject of multiple U.S. trademark registrations (the "COZI Marks"), which are valid, subsisting, and incontestable.

5. Cozi has invested millions of dollars in marketing the COZI brand through the COZI Marks, and has cultivated through considerable effort, and now enjoys, a stellar global reputation.

6. Cozi is the recipient of multiple awards, including the Mom's Choice Award, the Appy Award, the National Parenting Center Seal of Approval, and the Best Mobile App Gold Award.

7. As a result of Cozi's excellent reputation for innovative high quality, the COZI Marks have acquired considerable goodwill and Cozi has established an extensive customer base and has developed customer loyalty throughout the United States, including in North Carolina.

8. As a result of Cozi's extensive advertising and market popularity, the COZI Marks have become well known and are considered source indicators for high quality and reliable software services in the field of family organization software.

9. Cozi has also worked hard to safeguard its reputation and goodwill by protecting its intellectual property by registering trademarks in worldwide jurisdictions.

10. More than ten years after Cozi began using its COZI Marks in commerce, Cozyla began using COZYLA trademarks ("COZYLA Marks") in connection with digital accessories that are related to (and within a natural zone of expansion for) the software applications offered under the COZI Marks, These digital products are included in International Class 9 in which the COZI Marks are registered and enjoy seniority and prior rights.

11. In or around September of 2024, Cozi became aware of customer confusion between its products and Cozyla's digital family organization calendar products. Upon investigation, Cozi became aware that Cozyla had expanded from producing, marketing, and selling hardware products, such as digital photo frame displays, into family organization software, *e.g.*, family calendar and related products, in direct competition with Cozi's goods and services.

12. On information and belief, Cozyla was aware of Cozi and Cozi's products and services before it moved into the same competitive space with Cozi using a confusingly similar brand name.

13. More specifically, Cozyla seeks to capitalize on and is capitalizing on the goodwill and reputation that Cozi has worked hard to develop by expanding into the family organization software applications space in competition with Cozi, using its trademarks that are confusingly similar to Cozi's long-standing COZI Marks, in which Cozi has seniority and prior rights.

14. Cozi has been harmed and will continue to be subjected to increasing harm if Cozyla is not enjoined from this infringement and unfair competition.

15. In addition to injunctive relief, Cozi also seeks monetary damages suffered due to Cozyla's infringement of the COZI trademarks through its infringing COZYLA Marks.

## THE PARTIES

16. Plaintiff Cozi, Inc. is a corporation organized under the laws of Delaware.

17. Cozi's principal office is located at 701 N Washington Ave. Suite 700, Minneapolis, Minnesota 55401.

18. On information and belief, Defendant Cozyla US Corp. is a corporation incorporated under the laws of North Carolina with its principal office located at 2025 Production Dr., Apex, North Carolina 27539.

3

19.     On information and belief, Defendant Beijing Cozyla Technology Ltd. is a limited company organized under the laws of China with its principal office located at Room A410 Building 1, No. 12, Shangdi Information RD, Haidian District, Beijing, China 100080.

## JURISDICTION AND VENUE

20.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of North Carolina. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because Cozi's claims for violations of the United States Trademark Act, Title 15 of the United States Code arise under federal law. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Cozi's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

21.     Cozi is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant Cozyla US Corp. because Cozyla US Corp. conducts business in and maintains its principal place of business in Apex, North Carolina, thus being headquartered and residing within North Carolina and this judicial district. Cozyla US Corp. also conducts business within North Carolina and this judicial district, and advertises, promotes, and/or sells goods and/or services under the COZYLA Marks in this judicial district and throughout the United States.

22.     Cozi is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant Beijing Cozyla Technology Ltd. ("BCT") because BCT conducts business in and causes its goods and/or services under various COZYLA Marks to be advertised, promoted, and/or sold in this judicial district. The causes of action asserted in this Complaint arise out of BCT's contacts with this judicial district as well as its actions throughout the United States and BCT has caused tortious injury to Cozi in this judicial district and has committed unlawful

acts within North Carolina that have caused and/or will cause injury to the consuming public in North Carolina.

23.     Cozi is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over BCT because the close relationship between BCT and Defendant Cozyla US Corp. is such that BCT does business in North Carolina and this judicial district through its relationship with Cozyla US Corp., which is headquartered in this judicial district, and BCT exerts a level of control over Cozyla US Corp. as its alter ego entity that is sufficient to consider the two entities as one and the same corporation for purposes of jurisdiction.

24.     In the alternative, this Court has personal jurisdiction over BCT under Fed. R. Civ. P. 4(k)(2) because BCT advertises, promotes, and/or sells goods and/or services under various COZYLA Marks in the United States and purposefully directs such activities toward the United States.

25.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b), and 28 U.S.C. § 1400, where Cozyla US Corp. resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district and the impact of Defendants' misconduct occurred in this judicial district as well as throughout the United States. Venue is also proper in this judicial district under 28 U.S.C. § 1391(c)(3).

## STATEMENT OF FACTS

### The COZI Marks

26.     In 2006, the same year that the COZI app launched, Cozi acted to protect its rights by registering the COZI Marks, and is now the owner of two valid and subsisting federal trademark registrations on the Principal Register of the United States Patent and Trademark Office ("USPTO"), as set forth in more particular detail below.

27.     On June 5, 2006, Cozi filed an intent-to-use trademark application, U.S. Application Serial No. 78901078, to register its COZI wordmark ("COZI Mark") with the USPTO in connection with, *inter alia*, "computer software for use in the organization, daily management and time maximization and efficiency in the field of parenting, family and household management" in International Class 9 and "providing temporary use of nondownloadable software for use in the organization, daily management and time maximization and efficiency in the field of parenting, family and household management" in International Class 42.

28.     Cozi first used the COZI Mark in U.S. commerce no later than September 25, 2006.

29.     September 25, 2006 is also the date of first use in commerce of Cozi's design mark, shown below ("COZI Design Mark"):



30.     On October 1, 2008, Cozi filed U.S. Application Serial No. 77583648 to register its COZI Design Mark with the USPTO in connection with, *inter alia*, "computer software for use in the organization, daily management and time maximization and efficiency in the field of parenting, family and household management" in International Class 9 and "providing temporary use of nondownloadable software for use in the organization, daily management and time maximization and efficiency in the field of parenting, family and household management" in International Class 42.

31.     The COZI Mark registered in the United States on December 2, 2008, under Registration Number 3,542,030. A true copy of the registration is appended hereto as Exhibit "A".

32. The COZI Design Mark registered in the United States on June 1, 2010, under Registration Number 3,796,655. A true copy of the registration is appended hereto as Exhibit "B".

33. The COZI Marks are arbitrary and thus inherently distinctive.

34. The COZI Marks predate and have priority over each of Defendants' marks featuring "COZYLA" (the "COZYLA Marks").

## The COZYLA Marks

35. Defendants own U.S. Registration No. 6,789,555 for COZYLA in International Class 9. The first use of the mark was November 18, 2021.

36. Defendants own U.S. Registration No. 7,560,221 for COZYLA in International Class 6. The first use of the mark was February 25, 2023.

37. Defendants own U.S. Registration No. 7,560,222 for COZYLA in International Class 7. The first use of the mark was May 16, 2023.

38. Defendants own U.S. Registration No. 7,500,894 for COZYLAHOME in International Class 9. The first use of the mark was August 9, 2023.

39. Defendants own U.S. Registration No. 7,675,343 for COZYLA FRAME in International Class 9. The first use of the mark was September 20, 2023.

40. Defendants own U.S. Registration No. 7,660,951 for COZYLA MATE in International Class 9. The first use of the mark was March 24, 2024.

41. The COZI Marks are senior to and have priority over each and every one of the COZYLA Marks, which are confusingly similar when used on similar products and services in the same International Classes as the COZI Marks.

42. Even after Cozi acted to protect its rights as described in detail below, Defendants deliberately filed the following *new* infringing trademark applications with the USPTO, demonstrating the willfulness of Defendants' wrongful behavior:

        (a)    Application Serial No. 99,489,058 for a stylized COZYLA mark in International Class 9, filed November 10, 2025.

        (b)    Application Serial No. 99,489,064 for a COZYLA design mark in International Class 9, filed November 10, 2025.

        (c)    Application Serial No. 99,489,252 for COZYLA MATE in International Class 16, filed November 11, 2025.

**<u>Defendants Begin to Directly Compete with Cozi</u>**

43. Nearly two decades after Cozi began using its COZI Marks in the United States, Cozi, through reports to its customer support department, first became aware of consumer confusion between Cozi's goods and services under the COZI Marks and products offered under the COZYLA Marks.

44. Upon investigation, Cozi discovered that the products offered under the COZYLA Marks were hardware products consisting of digital accessories, such as digital photo frames, that were related to (and within the natural zone of expansion for) the software applications and application support services already offered under the COZI Marks.

45. In August of 2025 Cozi reached out to Defendants to discuss the possibility of working together to allow the COZI Marks and COZYLA Marks to coexist, perhaps by means of a mutually beneficial partnership in which customers seeking hardware products would be directed to COZYLA products, customers seeking software would be directed to COZI products and

services, and Cozi and Defendants could potentially collaborate on hardware designed to feature Cozi's software.

46.     Thereafter, Cozi and Defendants entered into a Non-Disclosure Agreement and initial conversations seemed to go well.

47.     In the first correspondence with Cozi, Defendants' representative Yao Li stated that Defendants had already encountered confusion between the COZYLA Marks and the COZI Marks immediately upon expanding into the family calendar market in 2024. (Defendants had originally launched the COZYLA brand with smart digital frames in 2021.)

48.     Despite Defendants' expressions of willingness to work collaboratively with Cozi, however, it became clear that these conversations were just subterfuge as Defendants were expanding into selling family calendar software in direct competition with Cozi's goods and services in violation of Cozi's prior rights in its COZI Marks.

49.     Defendants are now marketing family calendaring and organizational software under the confusingly similar mark COZYLA and have even developed an artificial intelligence agent under a mark essentially identical to COZI: "COZY."

50.     For example, on September 22, 2025, the technology website Lifewire announced that Cozyla digital calendars were "getting an AI upgrade" and would feature "Cozy," an AI assistant that would transform the Cozyla digital calendar into a hub for "meal planning, and even chore organization." See https://www.lifewire.com/cozyla-digital-calendar-update-11814417. Screenshot below:



51.     By the next day, Defendants published similar information on the Cozyla website at https://www.cozyla.com/blogs/digital-calendar/hey-cozy-cozyla-launches-new-ai-features-on-digital-calendars-for-improved-family-organization. Screenshot below on the following page:



"Hey Cozy": Cozyla Launches New AI Features on Digital Calendars for Improved Family Organization

Sep 23, 2025    By Emily CHEN

*The brand's new AI assistant enables users to add events to their digital calendars with a simple voice command alongside advanced meal planning and upgraded chore charts.*

**APEX, N.C. - September 23, 2025 -** Cozyla, a company on a mission to create smart living spaces where technology seamlessly integrates into daily life, today announced the launch of a new suite of AI features for its flagship device, Cozyla Calendar+ 2. Cozy, the brand's new AI assistant, arrives with voice commands, seamless meal planning, and chore organization that simplify the chaos of daily life.

"Each new feature and software update added to Cozyla Calendar+ 2 is designed to deliver high-tech innovations that are approachable and easy for families to use," said Yao Li, CEO of Cozyla. "While the technology behind our voice-powered AI was carefully crafted and tested, its end result is a simple and convenient way to manage schedules, chores, and to-do lists. Compatible with all major calendar apps, these new features take one more task off parents' plates."

52.     This COZY Mark used by Defendants is identical in sound and nearly identical by sight to the long-standing, incontestable COZI Marks.

53.     These developments constitute direct competition with well-established features of Cozi software applications.

54.     Defendants also launched a mobile Cozyla App and touted that users could "Manage chores, meals, and schedules – all from your phone"—again, in direct competition with

the products and services offered by Plaintiff under the COZI Marks using the confusingly similar

COZYLA Marks exacerbated by the identical-sounding name "Cozy" for Defendants' AI avatar.



55.     Defendants also have engaged in other infringing acts, including without limitation

publishing confusing advertisements and marketing materials via social media for organization

calendars and associated software applications that compete directly with Cozi's products and

services. Cozyla has also copied the look and feel of

56.     For example, Defendants are using or have used the COZI Marks on Cozyla

websites in connection with advertising or marketing Cozyla's products and services.

57. In addition, Defendants are violating or have violated Cozi's rights by using the COZI Marks in connection with sales of their own hardware products in a manner which falsely suggests that Cozyla's hardware products are sponsored by or affiliated with Cozi.

58. Defendants have also used images of Cozi products in advertising their own products under the COZYLA Marks, which is a violation of Cozi's rights and is likely to deceive the consuming public.

59. Defendants' COZYLA Marks are confusingly similar to the COZI Marks in sight, sound, and overall impression. Especially when used in connection with goods and services similar to those that Cozi has long offered under its COZI Marks, Defendants' use of the COZYLA Marks is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' products and services or suggest that Defendants are in some manner affiliated with Cozi, which is not true.

60. Indeed, Defendants' use of the COZYLA Marks and COZY Mark for competing family calendaring and organizational software applications is already causing actual confusion in the marketplace. Cozi has received repeated requests through its customer service team to service COZYLA products and services, and there is rampant confusion by online customers who mistakenly believe that COZYLA and COZI are in some manner related to, sponsored by, or affiliated with each other, which is not true.

61. Consumers have also posted on Facebook asking whether COZYLA and COZI are the same or affiliated, further evidencing the actual confusion between Cozi's goods and services under the COZI Marks and the similar goods and services now offered by Defendants under the COZYLA Marks.

62.     Confusion only intensified when Defendants expanded their use of the confusingly similar COZYLA Marks into family organization software applications in the exact same competitive space with Cozi and the COZI Marks, which have priority over each one of the COZYLA Marks, and the COZY Mark, by nearly two decades.

63.     On October 13, 2025, Cozi sent a cease-and-desist letter to Defendants. However, Defendants refused to stop their infringing activities.

64.     Indeed, since receiving and replying to the cease-and-desist letter, Defendants have filed three additional trademark applications for confusingly similar COZYLA Marks, as noted in Paragraph 42 above.

65.     Cozi brings the below claims to stop the current market confusion and protect its COZI Marks and its investment in the goodwill associated with its COZI marks from Defendants' willful infringement and acts of unfair competition.

66.     Cozi has suffered and will continue to suffer irreparable harm unless Defendants are enjoined from using the infringing COZYLA Marks and new COZY Mark.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement under 15 U.S.C. § 1114(1))**

67.     Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

68.     Cozi owns valid registered trademarks in the COZI Marks.

69.     Cozi has priority in use and registration over the confusingly similar COZYLA Marks and COZY Mark where Cozi first used its COZI Marks in commerce in connection with nondownloadable software and mobile apps for family organization no later than September 25, 2006, nearly two decades before Defendants adopted or used COZYLA Marks or the COZY Mark in the United States.

70. Defendants are now using the infringing COZYLA Marks and COZY Mark in the United States in connection with software and mobile apps for family organization that are identical, closely related to, overlap with, and/or are of the same type as Cozi's products and services.

71. Defendants knew about the COZI Marks and Cozi's products and services under the COZI Marks before Defendants began to use any of the COZYLA Marks or the COZY Mark in connection with digital nondownloadable content and mobile app services in United States commerce.

72. The COZI Marks are arbitrary and presumptively and inherently distinctive when used in connection with nondownloadable software and mobile app services.

73. The COZI Marks are arbitrary because the word "cozi" carries no connection to the products and services that Cozi offers under the COZI Marks.

74. The COZI Marks have priority over Defendants' confusingly similar COZYLA Marks and COZY Mark.

75. Defendants have expanded use of the COZYLA Marks and now use the confusingly similar COZYLA Marks in U.S. commerce in direct competition with Cozi.

76. Defendants are also using the nearly identical COZY Mark in U.S. commerce in direct competition with Cozi.

77. Defendants' use of the confusingly similar COZYLA Marks and COZY Mark, in connection with Defendants' products and services, is likely to cause consumer confusion with the COZI Marks.

78. The COZYLA Marks are confusingly similar to the COZI Marks in sight, sound, and overall impression.

79. The COZY Mark is identical to the COZI Marks in sound and nearly identical to the COZI Marks in sight and overall impression.

80. Defendants offer products and services that are similar and/or highly related to Cozi's products and services.

81. Cozi and Defendants market their products over similar channels, including over websites and social media accessible throughout the United States.

82. Defendants' actions are likely to mislead the public into considering that Defendants' products and services originate with or are authorized by Cozi, which is not the case. Indeed, there already exist numerous instances of actual consumer confusion.

83. Both Cozi and the public will be damaged by the public's mistaken conclusion that Defendants' products and services originate with or are authorized by Cozi.

84. As an actual and proximate result of Defendants' trademark infringement, Cozi has suffered irreparable harm and damages including loss of income, profits, and goodwill, which irreparable injury will continue if Defendants are not restrained from further violation of Cozi's rights.

85. As an actual and proximate result of Defendants' trademark infringement, Defendants have and will continue to unfairly acquire income, profits, and goodwill.

86. Cozi has no adequate remedy at law.

87. Pursuant to 15 U.S.C. § 1117, Cozi is entitled to recover damages in an amount to be determined at trial and for that amount to be trebled in light of the Defendants' willful infringement, profits made by Defendants attributable to its use of its infringing COZYLA Marks and COZY Mark, attorneys' fees as a result of Defendant's willful and deliberate misconduct making this an exceptional case, and the costs of this action.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

88.     Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

89.     Defendants' unauthorized marketing and sale of its products and services in United States commerce using Defendants' infringing COZYLA Marks and COZY Mark constitutes use of a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Cozi, or as to the origin, sponsorship, or approval of Defendants' products and services by Cozi, which is not so.

90.     Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

91.     As a direct and proximate result of Defendants' unfair competition, Cozi has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

92.     Defendants' acts of unfair competition will cause further irreparable injury to Cozi if Defendants are not restrained by this Court. Cozi has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Cancellation of U.S. Trademark Registration No. 7,095,304 under 15 U.S.C. § 1119)

93.     Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

94.     Defendants own U.S. Trademark Registration Nos. 6789555, 7560221, and 7560222 for the wordmark COZYLA.

95.     Defendants also own the mark COZYLAHOME, U.S. Trademark Registration No. 7500894.

96.     Defendants also own the mark COZYLA FRAME, U.S. Trademark Registration No. 7675343.

97.     Defendants also own the mark COZYLA MATE, U.S. Trademark Registration No. 7660951.

98.     Defendants originally used the confusingly similar COZYLA Marks in connection with hardware products, such as digital photo frames—products in the same class of goods and related to the application software products and application support services offered under the COZI Marks.

99.     Defendants have since expanded use of the confusingly similar COZYLA Marks in United States commerce to include offering application software products and application support services in connection with the COZYLA Marks, in even more direct competition with Cozi's products and services under the COZI Marks.

100.    As a result of Defendants' inappropriate and expanded use of the COZYLA Marks, the COZYLA Marks are likely to cause confusion with Cozi's senior COZI Marks.

101.    Accordingly, the registrations for the COZYLA Marks should be cancelled.

### FOURTH CAUSE OF ACTION
### (North Carolina Common Law Trademark Infringement

102.    Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

103.    Defendants are using and have used the COZYLA Marks and COZY Mark in commerce in connection with the sale, offering for sale, distribution, and/or advertising of products and/or services in North Carolina.

104. Defendants' use of the COZYLA Marks and COZY Mark is likely to cause confusion, mistake, or deception as to the source or origin, sponsorship, or approval of Defendants' products and/or services.

105. Consumers are likely to believe that Cozi has authorized or approved Defendants' sale, offering for sale, distribution, and/or advertising of its products and/or services in North Carolina, or that Defendants are associated with or related to Cozi, due to Defendants' use of the COZYLA Marks and COZY Mark.

106. Defendants' actions of selling, offering for sale, distributing, and/or advertising products and services under the COZYLA Marks and COZY Mark have been committed deliberately and willfully, with knowledge of Cozi's rights and goodwill in its COZI Marks, as well as knowledge of the priority of the COZI Marks over the COZYLA Marks and COZY Mark.

107. Defendants' infringing use of the COZYLA Marks and COZY Mark, which are confusingly similar to the COZI Marks, constitutes common law trademark infringement and causes a likelihood of confusion, deception, and mistake in Cozi's customers, advertisers, potential customers, and potential advertisers as to the affiliation, sponsorship, or association of Defendants' business and goods and those of Cozi, which damages Cozi.

108. Defendants' acts of infringement will cause irreparable injury to Cozi if Defendants are not enjoined from infringement of Cozi's trademark rights, and Cozi does not have an adequate remedy at law. Cozi is entitled to injunctive relief enjoining Defendants, their owner(s), agents, employees, and those individuals acting in concert with them, from infringing the COZI Marks.

## FIFTH CAUSE OF ACTION
### (North Carolina Unfair Competition)

109. Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

110.    Defendants' acts constitute unfair competition in violation of the common law of the State of North Carolina. Defendants had knowledge of Cozi's use and registration of the COZI Marks and had knowledge of the fact that Defendants had no rights superior to those of Cozi.

111.    Defendants are competitors of Cozi whose actions were and are likely to deceive and mislead prospective purchasers and the public as to the source of Defendants' products, thereby causing damage to Cozi's legitimate business.

112.    Cozi has suffered and will continue to suffer irreparable injury unless Defendants, their owner(s), agents, employees, and those individuals acting in concert with them, are enjoined from engaging in any further acts of unfair competition.

## SIXTH CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices under North Carolina General Statutes § 75-1.1)

113.    Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

114.    Defendants' acts and conduct as alleged above constitute unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. § 75-1.1.

115.    Defendants' acts and conduct as alleged above took place in and/or are affecting commerce.

116.    Cozi has suffered actual injury and has been damaged by Defendants' unfair and deceptive acts.

117.    Pursuant to N.C. Gen. Stat. § 75-16, Cozi is entitled to recover treble damages for Defendants' unfair and deceptive acts.

118. Pursuant to N.C. Gen. Stat. § 75-16.1, Cozi is entitled to recover its reasonable attorneys' fees on grounds that Defendants willfully engaged in the unfair and deceptive acts set forth above and there was an unwarranted refusal by Defendants to fully resolve this matter.

119. By their conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Cozi. Cozi has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

120. Cozi realleges and incorporates herein the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

121. Defendants have earned profits and/or benefits attributable to their acts of trademark infringement and unfair competition or attributable to a change in the relative market shares of Cozi and Defendants resulting therefrom.

122. These profits and/or benefits would be unjust for Defendants to retain and should be disgorged and awarded to Cozi.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

A. Permanently enjoining and restraining Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them, from using the COZYLA Marks and COZY Mark, or any other confusingly similar mark, with or without an accompanying logo, alone or combined with other words or symbols, as a trademark or trade name component or otherwise, to market,

advertise, distribute or identify Defendants' services so as to create a likelihood of confusion, mistake, or deception with the COZI Marks;

B.      Entering a judgment that Defendants violated 15 U.S.C. § 1114 by infringing upon the COZI Marks;

C.      Entering a judgment that Defendants' use of the COZYLA Marks and COZY Mark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

D.      Entering a judgment that Defendants violated North Carolina common law through trademark infringement and through its unlawful and unfair business practices by selling products using the COZYLA Marks and COZY Mark in disregard of Cozi's seniority and prior rights in its COZI Marks in a manner that created a likelihood of confusion, deception, or mistake as to the source, origin, sponsorship, or approval of Defendants' products and/or services.

E.      Entering a judgment that Defendants' acts of trademark infringement and unlawful and unfair business practices in expanding into competition with Cozi and encroaching upon Cozi's competitive space using the COZYLA Marks and COZY Mark in disregard of Cozi's seniority and prior rights in its COZI Marks constitutes unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. § 75-1.1;

F.      Directing the United States Patent and Trademark Office, pursuant to Section 37 of the Lanham Act 15 U.S.C. § 1119, to cancel Defendants' federal registration Nos. 6789555, 7560221, 7560222, 7500894, 7675343, and 7660951 for the COZYLA Marks;

G.      Directing Defendants to file with the Court and serve upon Cozi within thirty (30) days after the issuance of the Court's injunction, a report in writing and under oath setting forth

in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

H.      Requiring Defendants and all others acting under Defendants' authority, at their cost, to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation, pursuant to 15 U.S.C. § 1118;

I.      Awarding Cozi actual damages and lost profits pursuant to 15 U.S.C. § 1117(a), sufficient to compensate Cozi for the damage caused by Defendants' acts of trademark infringement, false designation of origin, false association, and unfair competition, including, without limitation, loss of goodwill;

J.      Awarding Cozi actual damages and lost profits under North Carolina common law sufficient to compensate Cozi for the damage caused by Defendants' acts of trademark infringement, false designation of origin, false association, and unfair competition, including, without limitation, loss of goodwill;

K.      Awarding Cozi treble damages as mandated by N.C. Gen. Stat. § 75-16;

L.      Awarding Cozi damages in an amount to fully compensate for all corrective advertising necessitated by Defendants' acts of trademark infringement, false designation of origin, and unfair competition;

M.      Awarding Cozi an accounting and disgorgement of all of Defendants' profits and/or benefits derived by reason of said acts, or as determined by an accounting;

N.      Awarding Cozi its attorney's fees pursuant to 15 U.S.C. § 1117 and N.C. Gen. Stat. § 75-16.1;

O.      Awarding Cozi its costs associated with the prosecution of this action; and

P.      Granting Cozi such further relief as the Court may deem just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cozi demands a trial by jury as to all claims so triable.

This the 14th day of November, 2025.

**GREENBERG TRAURIG, LLP**

Marc T. Rasich*
Utah State Bar No. 9279
marc.rasich@gtlaw.com
Tiffany Shimada*
Utah State Bar No. 15919
tiffany.shimada@gtlaw.com
Annemarie Garrett*
Utah State Bar No. 17573
annemarie.garrett@gtlaw.com
222 S. Main Street, Suite 1730
Salt Lake City, UT  84101
Telephone: 801.478.6900

*Attorneys for Plaintiff Cozi, Inc.*
*\*Special appearances forthcoming*

**POYNER SPRUILL LLP**

By:    /s/ Eric P. Stevens
       Eric P. Stevens
       N.C. State Bar No. 17609
       estevens@poynerspruill.com
       Andrew H. Erteschik
       N.C. State Bar No. 35269
       aerteschik@poynerspruill.com
       P.O. Box 1801
       Raleigh, NC  27602-1801
       Telephone: 919.783.1017
       Facsimile:  919.783.1075

       *Local Rule 83.1 Counsel*
       *for Plaintiff Cozi, Inc.*